# NEW YORK BELTING AND PACKING COMPANY *v.* NEW JERSEY CAR SPRING AND RUBBER COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 39. Argued October 23, 24, 1890. — Decided December 22, 1890.

The first claim in letters patent No. 11,208, granted May 27, 1879, to the New York Belting and Packing Company for a new and useful design for rubber mats, viz.: "1. A design for a rubber mat, consisting of corrugations, depressions or ridges in parallel lines, combined or arranged relatively, substantially as described, to produce variegated, kaleidoscopic, moire, stereoscopic or similar effects, substantially as set forth," covers things which were then well known and were not new; and is therefore too broad to be sustained.

Claims two and three in those letters patent, viz. : "2. A design for a rubber mat, consisting of a series of parallel corrugations, depressions, or ridges, the lines of the said corrugations being deflected at one or more points, substantially as set forth: 3. A design for a rubber mat, consisting of a series of parallel corrugations, depressions, or ridges arranged in sections, the general line of direction of the corrugations in one section making angles with or being deflected to meet those of the corrugations in the contiguous or other sections, substantially as described:" may fairly be regarded as confining the patentee to the specific design exhibited in his patent and shown in the drawing.

IN EQUITY for the infringement of letters patent No. 11,208, granted May 27, 1879, to the New York Belting and Packing Company for a new and useful design for rubber mats. Defendant demurred to the bill and the demurrer was sustained, and the bill dismissed. Plaintiff appealed. The case is stated in the opinion.

*Mr. B. F. Lee,* (with whom was *Mr. William H. L. Lee* on the brief,) for appellant.

*Mr. Arthur v. Briesen* for appellee.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This is a suit in equity brought upon a patent for a design by the New York Belting and Packing Company, assignee of

George Woffenden, against the New Jersey Car Spring and Rubber Company. The bill was dismissed upon demurrer, and the case is here on appeal from that decree. The ground for dismissing the bill, as stated by the circuit judge in his opinion, was that the subject matter of the patent was not patentable, 30 Fed. Rep. 785, and this is the question which has been discussed on the appeal. The invention claimed in the patent is a new and original design for rubber mats of which the subjoined plate is a diagram.

. Referring to the diagram, the specification describes the invention as follows :

"In accordance with this design the mat gives under the light different effects, according to the relative position of the person looking at it. If the person changes his position continuously the effects are kaleidoscopic in character. In

some cases moire effects, like those of moire or watered silk, but generally mosaic effects, are produced. Stereoscopic effects also, or the appearance of a solid body or geometric figure, may at times be given to the mat, and under proper conditions an appearance of a depression may be presented.

"The design consists in parallel lines of corrugations, depressions or ridges, arranged to produce the effects as above indicated.

"The drawing represents a mat embodying this design.

"A is a mat, which is, as represented, square, although it might be oblong or other desired shape. It is divided into a number of sections, *a b c d*, the corrugations or depressions and ridges in those represented by the same letter being parallel. Thus in the centre and outer border formed by the sections *a b* the corrugations extend around the mat parallel with its outer edge and with each other. At the points where each depression crosses the diagonals, drawn from corner to corner of the mat through the centre, it makes a right angle with its previous path. In the intermediate borders the corrugations in the sections *c* are arranged at an angle with those in the sections *d*, and in both they form an angle with the corrugations in the sections *a b*. By the different shading of the sections attempt has been made to represent the mosaic effects produced, which, it will be understood, vary like a kaleidoscope as the observer shifts his position.

"The above forms simply one of the many ways in which my invention may be carried into effect. The corrugations in the centre and outer border need not extend entirely around the mat; but in each of the sections a depression in one section may be opposite a ridge in the next; and it is not necessary that the corrugations be parallel with the edges of the mat. They may run in any direction. The ridges and depressions in the intermediate borders might be made to form different angles with each other or with those in the other sections, or the borders might be increased or diminished in number. It will, of course, be understood that the effect produced and the manner in which the appearance varies are modified more or less by these changes. Instead of making

the corrugations in the centre of mat to bend four times, they may be made to change their line of direction any desired number of times in a regular or irregular way — that is to say, instead of having four series of parallel depressions and ridges, a number of series, less or more, arranged at various angles with each other, may be employed. I may divide the mat by a number of imaginary lines representing a projection of any geometrical figure, and in each of the sections so formed make parallel corrugations or alternate ridges and elevations, the different sets of corrugations making with each other the proper angle to give the effects sought for.

"To give the moire effects I usually make the ridges and depressions undulating, while maintaining the parallel position with relation to each other. I desire, therefore, to have it understood that I do not intend to limit the design to parallel corrugations which are straight throughout any considerable portion of their length, (as represented on the drawing, for example,) but that it includes the undulating ridges and depressions, or other disposition or formation in which the corrugations alter their direction irregularly, or in which they may be straight for a certain distance and then formed in undulations, and that it includes the corrugations arranged in concentric circles, in spirals, in zigzags, or according to any desired figure."

Having thus described his invention, the patentee claims:

"1. A design for a rubber mat, consisting of corrugations, depressions or ridges in parallel lines, combined or arranged relatively, substantially as described, to produce variegated, kaleidoscopic, moire, stereoscopic or similar effects, substantially as set forth.

"2. A design for a rubber mat, consisting of a series of parallel corrugations, depressions or ridges, the lines of the said corrugations being deflected at one or more points, substantially as set forth.

"3. A design for a rubber mat, consisting of a series of parallel corrugations, depressions or ridges arranged in sections, the general line of direction of the corrugations in one section making angles with or being deflected to meet those of

the corrugations in the contiguous or other sections, substantially as described."

The circuit judge in his opinion said :

"The patent is an attempt to secure to the patentee a monopoly of all ornamentation upon rubber mats by which variations of light and shade are produced by a series of ridges and depressions, without regard to any particular arrangement or characteristics of the lines except that they are to be parallel. Although there is an illustration in the drawing, and although each claim is for a design 'substantially as described,' the language of the specification is carefully expressed so as not to restrict the claims to the design shown in the drawing, but so that the first claim shall include every variety which can be produced by the arrangement of corrugations, depressions or ridges in parallel lines; the second, all obtainable when by the arrangement the corrugations are deflected; and the third, all obtainable when by the arrangement of corrugations in sections, those of one section make an angle with those in the contiguous or other sections.

"It was not new to produce contrasts and variations in light and shade or stereoscopic effects, by depressions or elevations in the surface of materials. It was old to do this by arranging them in parallel lines, as in wood, plaster, and corduroy cloth. It is not novelty which will sustain a design patent to transfer to rubber, or to a rubber mat, an effect or impression to the eye which has been produced upon other materials or articles by contrast or variation of light and shade. The design of this patent is not new unless it embodies a new impression or effect produced by an arrangement or configuration of lines which introduces new elements of color or form. This is not claimed.

"None of the claims can be limited to design which produces any definite or concrete impression to the eye."

We think that the judge was right in holding that the first claim of the patent is altogether too broad to be sustained, and for the reasons stated in the opinion. But as the other claims may fairly be regarded as confining the patentee to the specific design, exhibited in his patent and shown in the draw-

ing, we think that the demurrer should have been overruled, and that the defendants should have been put to answer the bill.   Whether or not the design is new is a question of fact, which, whatever our impressions may be, we do not think it proper to determine by taking judicial notice of the various designs which may have come under our observation.   It is a question which may and should be raised by answer and settled by proper proofs.

There is one feature of this patent which presents an interesting if not a novel aspect.   We are in the habit of regarding a design as a thing of distinct and fixed individuality of appearance — a representation, a picture, a delineation, a device.   A design of such a character, of course, addresses itself to the senses and the taste, and produces pleasure or admiration in its contemplation.   But, in the patent before us, the alleged invention is claimed to be something more than such a design.   It is claimed to have an active power of producing a physical effect upon the rays of light, so as to produce different shades and colors according to the direction in which the various corrugated lines are viewed — a sort of kaleidoscope effect.   It is possible that such a peculiar effect, produced by such a particular design, impressed upon the substance of india-rubber, may constitute a quality of excellence which will give to the design a specific character and value and distinguish it from other similar designs that have not such an effect.   As this is a question which it is not necessary now to decide, we express no opinion upon it.

*We reverse the decree of the Circuit Court and remand the cause, with directions to overrule the demurrer and take such further proceedings in accordance with this opinion as law and justice may require.*