## AMERICAN MERRI-LEI CORPORATION v. F. W. WOOLWORTH CO.

District Court, E. D. New York. August 6, 1929.

No. 3919.

Dyke, Holden & Schaines, of New York City (Herbert H. Dyke and Delos Holden, both of New York City, of counsel), for plaintiff.

Pennie, Davis, Marvin & Edmonds, of New York City (Dean S. Edmonds and R. Morton Adams, both of New York City, of counsel), for defendant.

CAMPBELL, District Judge. This is the usual suit in equity for the alleged in-

fringement of design patent No. 76,481, issued to Victor T. Hoeflich, for design for a wreath, dated October 2, 1928, on an application filed April 6, 1928.

The patent in suit was assigned to the plaintiff, which is now the owner and holder thereof.

The patentee claims "the ornamental design for a wreath as shown." Reference therefore is had solely to the drawing which shows a wreath of annular form and something about the surface appearance of the wreath, but does not show the cross-sectional shape of the wreath, whether it is round, oval, square, oblong, or of other shape.

From the drawing it would appear that the wreath is made up of a series of radially-arranged elements, discs if the cross-sectional shape is round, and these discs or other elements present fluted edges; but there is no regularity of this fluting, for no two of the discs or other elements have the lines or the flutings similarly arranged.

The patentee testified that the drawing of the patent in suit illustrates a Christmas wreath made of crepe paper by threading a long strip of the paper on a wire, then twisting the strip spirally, and then bending the wire to a circle.

The drawing of the patent in suit does not seem to illustrate a wreath so constructed, but one made of a multiplicity of disconnected elements, rather than a multiplicity of spiral convolutions of a continuous strip.

Plaintiff attempted to establish an earlier date as that of invention, but the character of the evidence oral and the close relationship of the witnesses to the patentee makes it impossible for me to say that the date of invention was earlier than October, 1926.

The first and most important question is: What is claimed as the invention of the patent in suit?

If it be the annular shape, then the answer is that such shape for wreaths has been on the market for years before any date of invention claimed by the patentee.

If it be that the wreath is made of crepe paper by forming it on a wire, in a particular way, then the wreath is identical with crepe paper leis, sold by the plaintiff for years before the date of the alleged invention, except that in the wreath in question the crepe paper is threaded on a flexible string instead of on a relatively nonflexible wire, and all that would be involved would be the making in one of the oldest and commonest form, a circular form, that which before had not been circular.

That Hawaiian leis, which the plaintiff has long simulated in paper and sold on the market, had been presented to the eye in circular form on various occasions, appears in the evidence offered on behalf of the defendant.

If it be the surface appearance of the strip of crepe paper wound spirally, then it seems clear that the so-called design is one that has not been, and never can be, duplicated, and if valid it would protect only the surface appearance shown in the patent.

If it be the circular form and the surface appearance of the strip of crepe paper wound spirally, then it was clearly anticipated by the Hawaiian leis shown in the evidence offered on behalf of the defendant, as there is no act of invention in making in a circular form that which had been made in another form when the thing simulated, viz., Hawaiian leis, had been presented to the eye in a circular form, and the appearance to the eye is identical with what the patentee and plaintiff now claim is protected by the patent in suit.

The patent is invalid.

If, however, it be held that the patent is valid, then it is not infringed because the patented design does not consist in making the wreath circular in form, as wreaths made of crepe paper, in circular form, have been on sale for years before any date of invention claimed by the patentee herein, and it does not consist in making a wreath whose surface appearance is that produced by threading the strip, as that is the surface appearance presented by the old Hawaiian leis; but if the design consists in the annulus and a multiplicity of lines of wavy form extending across the annulus and presented by the edge of the twisted paper strip, then the patented design never has been and never can be duplicated.

The lines of the edges of the convolutions are not the same on any two wreaths, or at any two points on the same wreath, and no one can forecast exactly how the flutings of the crepe paper will arrange themselves.

What plaintiff is attempting to do is to protect the wreath by suggesting or describing the general appearance of the wreath and calling this a design.

The patent, if valid, is not infringed. Harmon Paper Co. v. Prager (C. C. A.) 287 F. 841, 843, affirming (D. C.) 286 F. 267, 271; Harmon Paper Co. v. Kimberly Clark Co. (D. C.) 289 F. 501, 508.

The following cases cited by the defendant are not in point, Gorham v. White, 14 Wall. 511, 20 L. Ed. 731, N. Y. Belting &

Packing Co. v. N. J. Car-Spring & Rubber Co., 137 U. S. 445, 11 S. Ct. 193, 34 L. Ed. 741, because in each of these cases the design was certain and definite, although its appearance in the last case mentioned might be changed due to the effect of the rays of light, whereas in the patent in suit the so-called design of each wreath made, whether by plaintiff or any one else, must be different

The cases cited by plaintiff with reference to infringement, where some small detail which did not change the appearance to the eye of the design, are not in point, as in each of such cases the design of the patent then in suit was fixed and determined, and not, as in the case at bar, where the so-called design is different in each wreath made by the plaintiff or any one else.

The defendant did not infringe.

A decree may be entered against the plaintiff in favor of the defendant dismissing the complaint with costs.