## SHIPMAN et al. v. R. K. O. RADIO PICTURES, Inc., et al.

District Court, S. D. New York.

Sept. 7, 1937.

Arthur S. Friend, of New York City, (Edwin M. Reiskind, of New York City, of counsel), for plaintiffs.

William Mallard, of New York City, (Bruce Bromley, of New York City, of counsel), for defendants.

WOOLSEY, District Judge.

This motion is granted, and the defendant may have a decree dismissing the complaint with costs which, in pursuance of the power given me by section 40 of the Copyright Act, title 17, U.S. Code, § 40 (17 U.S.C.A. § 40), will include reasonable counsel fees.

I. The motion herein made is based on the practice approved by me in Lowenfels v. Nathan (D.C.) 2 F.Supp. 73, 74, in which a method was devised for a summary disposal of copyright suits, when it was not desired—at least initially—to dispute access, but only to dispute any unfair use of the copyrighted work by the alleged infringer.

Herein, as in Lowenfels v. Nathan, the two copyrighted works are before me in extenso—having been incorporated by stipulation in the moving papers either physically or by reference.

The practice followed is, in effect, a motion by the defendant for a summary decree of dismissal, and on such a motion the works themselves supersede and control any allegations of conclusions of fact about them or descriptions of them which may be contained in the complaint. Cf. Lowenfels v. Nathan (D.C.) 2 F.Supp. 73, at page 74. The situation is, indeed, as defendant's counsel aptly suggests, similar in its effect to the annexation to a complaint, by amendment or otherwise, of a contract, when of course the terms of the contract itself would juridically override any allegations about its construction or effect. For courts deal with the actualities of situations before them, not with interested comments thereon.

My reason for answering so fully the contentions of plaintiff's counsel as to the admissions implicit in such a motion as I have before me is that the practice here followed is a most economical, convenient, and prompt method of dealing with copyright causes, for, if the motion to dismiss is granted, the plaintiff can appeal on a very short record, and, if the motion is denied, the plaintiff has had an important part of the law of the case decided in his favor, and, thereafter, if the defense continues, the defendant has recourse only to the issue of access, always of the es-

250

sence in copyright causes. Therefore, it is, in my opinion, most important to have both the scope and the implications of this procedure defined.

II.   At my request counsel for the parties have submitted to me summaries of both plays.

The summaries submitted by the plaintiffs' counsel are very short, and show a similar theme or idea underlying both plays; the summaries submitted in behalf of the defendants, on the other hand, show the different embodiment or treatment of that theme or idea by the respective authors.

These summaries, therefore, serve well to point the moral for my homily herein, and consequently are ordered filed with the papers in this cause as part of the record thereof, and are also to be deemed incorporated by reference in this opinion.

III.   I have read with great care the typed copies, stipulated herein, of the plaintiffs' play, "Depends On The Woman," and of the cutting continuity of the defendants' motion picture operetta, "I Dream Too Much." In the presence of counsel for both parties I have also seen the latter on the screen, and now, after long reflection on this interesting cause, I have come to the conclusion that the plaintiffs' claim of literary larceny is not maintainable.

■   IV.   Whilst access is a sine qua non in a copyright cause, the fact that under the procedure followed herein the defendants had, by hypothesis, access to the plaintiffs' work, is, obviously, not fatal to the defense, e. g., Dymow v. Bolton, 11 F.(2d) 690, 692 (C.C.A. 2); Nichols v. Universal Pictures Corporation (C.C.A.) 45 F.(2d) 119, 120, for the additional question always is whether, having access, the defendant has made unfair use of a sufficient amount of the plaintiffs' copyrightable matter to justify a holding of infringement. Cf. Judge Hough in the Dymow Case (C.C.A.) 11 F.(2d) 690, at page 692, and Judge Learned Hand in the Nichols Case (C.C.A.) 45 F.(2d) 119, at page 121, wherein unfair use was held not to have been established, and Sheldon v. Metro-Goldwyn Pictures Corporation, 81 F.(2d) 49, at page 54 (C.C.A. 2), wherein unfair use was found by Judge Learned Hand.

■   If what the alleged infringer took was not copyrightable, the copyright owner may not complain, although his work may have been what directly inspired the work of the infringer.

Now the theme or basic idea of the plaintiffs' play is that, if, in a husband's profession or one cognate to it, a wife achieves a success greater than his, the tendency on their marital relations is strongly centrifugal, and that this tendency may be successfully combated by the wife's return to a hearthside career.

The theme is an old one. In both plays before me, in this cause, it is the woman who surrenders her career; in a recent motion picture, "A Star Is Born," the husband, unable to endure the situation, voluntarily paid the uttermost penalty, and drowned himself.

By hypothesis, implicit in the practice here followed, I assume that the plaintiffs' play and Miss Lily Pons together inspired the defendants to write "I Dream Too Much," as a vehicle for her voice.

The question whether this inspiration led the defendants to make unfair use of the plaintiffs' play is my problem.

V.   The generalized principle of conjugal interaction, above referred to, is the lowest common denominator of the two plays. This theme or idea, made more specific by having in each play the husband an unsuccessful, but somewhat vain composer and the wife an unsuspected prima donna, and giving to each play a happy ending in spite of the wife's success as a singer, becomes, what I may conveniently call, the highest common denominator between them. Beyond this, their differences are, I think, greater than their resemblances.

■   A theme or idea is of course not copyrightable. Cf. Nichols v. Universal Pictures Corporation, 45 F.(2d) 119, 121 (C.C.A. 2), and cases there cited.

As Dr. Johnson pointed out long ago in his Essay on Plagiarism, The Adventurer, No. 95, October 2, 1753, quoted in Lewys v. O'Neill (D.C.) 49 F.(2d) 603, 606, 607, "the anatomy of the mind, as that of the body, must perpetually exhibit the same appearances." So we cannot expect no similarities between two plays of which the theme above outlined forms the basis. But there was not copying or adaptation in the defendants' operetta of any such important structural sequences from the plaintiffs' play as Judge Hand found to be fatal to the defense in Shel-

don v. Metro-Goldwyn Pictures Corporation (C.C.A.) 81 F.(2d) 49, at pages 54 and 55.

I hold, therefore, that there is not any basis for a finding of literary larceny in behalf of the plaintiffs' drama as against the somewhat wispy operetta of the defendants. Cf. Judge Hough's comments in Frankel v. Irwin (D.C.N.Y.) 34 F.(2d) 142, at page 144.

VI. The decree dismissing the complaint must carry costs, which, as above indicated, will include a reasonable counsel fee, to be fixed before the costs are taxed, and before the decree is noticed for settlement, in accordance with the canons of charges which I suggested in Re Osofsky (D.C.) 50 F.(2d) 925.

Let the attorneys for the defendants prepare and serve, with three days' notice, on the plaintiffs' attorney a petition stating the amount of counsel fees claimed by the defendant herein, and send it to me through the clerk's office.

After these fees are fixed by me, the costs may be taxed, and a final decree submitted to me for signature on three days' notice.