## DEZENDORF v. TWENTIETH CENTURY-FOX FILM CORPORATION.

### No. 8847.

Circuit Court of Appeals, Ninth Circuit.

Nov. 18, 1938.

Jas. M. Naylor, of San Francisco, Cal., and I. Henry Harris, Jr., and Calvin L. Helgoe, both of Los Angeles, Cal., for appellant.

Alfred Wright and Gordon Hall, Jr., both of Los Angeles, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and ST. SURE, District Judge.

ST. SURE, District Judge.

Appellant, author of an unpublished play, "Dancing Destiny," charges appellee with having committed literary larceny in the production of a motion picture entitled "Stowaway." Appellant claims a common law copyright and invokes § 2 of the Copyright Act, 17 U.S.C.A. § 2, and § 980 of the California Civil Code.

The bill of complaint contains the usual averments of authorship, proprietorship, originality and copyrightability, access, and deliberate piracy and infringement.

After answer filed, the bill was amended by stipulation of the parties by annexing thereto and incorporating therein a copy of appellant's play and a release print of appellee's motion picture. Thereafter, by stipulation, appellee filed a motion to dismiss the amended bill, and it was further agreed that the answer should be disregarded.

The motion to dismiss was upon the grounds that the amended bill failed to state facts sufficient to constitute a cause of action, and that it affirmatively appeared therefrom that appellee was not guilty of infringement.

The District Court granted the motion and from its decree dismissing the bill with prejudice this appeal was taken.

Appellant refers to the elementary rule that a motion to dismiss admits the truth of facts well pleaded in the bill, argues that the originality of the play was therefore admitted, and contends that the only question before the court for decision is that of infringement, based upon a comparison of the play and the picture.

Appellee contends that the allegations concerning originality and copyrightability are conclusions of fact which are "superseded by the realities" (Lowenfels v. Nathan, D.C, S.D.N.Y., 2 F.Supp. 73); and that the annexation to the bill of "the respective literary works enables the court to determine the question of infringement by the pragmatic method of comparing the two works themselves." "The procedure makes it possible to bring the matter before the court on a summary motion to dismiss."

The "procedure" mentioned was used in Lowenfels v. Nathan, supra, and in Shipman v. R.K.O. Radio Pictures, Inc., D.C., 20 F.Supp. 249, both copyright suits. In the former the District Judge said [page 74]:

"The annexation of these two books to, and their incorporation in, the bill of complaint was apparently arranged by counsel in order to enable the court conveniently to deal with this cause by such a motion as has been herein made. * * *

"The procedure followed is bold and intelligent and, it seems to me, constitutes an appropriate method of dealing with a copyright suit of this kind for it enables me, on the record before me, to decide this cause by following the pragmatic method of comparing the two books, cf.

Nichols v. Universal Pictures Corporation, 45 F.(2d) 119, 123, (C.C.A. 2); and in view of the time which is saved by avoiding a trial under the procedure adopted, I think that it should become the usual method of dealing with copyright suits, unless, owing to nice questions of originality or access, oral evidence is indicated as necessary."

In the case at bar there is an entirely different situation. Lowenfels v. Nathan, supra, and Shipman v. R.K.O. Radio Pictures, Inc., supra, were both copyright cases, and were submitted upon the issue of unfair use as related to infringement. Here a common law right of copyright is claimed, and we are confronted with a "nice question of originality," which is one of fact, not of law; one that may not be summarily disposed of upon a motion to dismiss, but which must be established by proof. In Bleistein v. Donaldson Lithographing, etc., Co., 188 U.S. 239, 23 S.Ct. 298, 47 L.Ed. 460, the Supreme Court held it error for the lower court to hold, as a matter of law, that ordinary circus posters, incapable of any use save advertisement, were not subject to copyright, but that the question whether they were "original," "artistic" works, subject to copyright, was a question of fact which should have been submitted to the jury. In N. Y. Belting Co. v. N. J. Rubber Co., 137 U.S. 445, 11 S.Ct. 193, 34 L.Ed. 741, a patent suit, at page 450, 11 S.Ct. at page 195, the court said: "Whether or not the design is new is a question of fact, which, whatever our impressions may be, we do not think it proper to determine by taking judicial notice of the various designs which may have come under our observation. It is a question which may and should be raised by answer, and settled by proper proofs." Quoting from the syllabus in Henderson v. Tompkins, C.C., 60 F. 758, "In a suit for infringement of copyright in a dramatic composition, the court will rarely interpose its judicial knowledge to the extent of finding on demurrer against the allegations of the bill touching questions of originality." See, also, American Fibre-Chamois Co. v. Buckskin-Fibre Co., 6 Cir., 72 F. 508; Jackes-Evans Mfg. Co. v. Hemp & Co., 8 Cir., 140 F. 254.

The decree is reversed and the case remanded to the District Court for further proceedings in conformity with this opinion.