John O. Hewitt, Plaintiff, *v.* Noel Coward et al., Individually and as Copartners under the Name of Transatlantic Productions Company, et al., Defendants.

Supreme Court, Special Term, New York County, May 10, 1943.

*Benjamin H. Stern* for John C. Wilson, individually and as a partner of Transatlantic Productions Company.

*Arthur E. Farmer* and *Edward K. Hanlon* for Doubleday, Doran & Co., Inc., defendant.

*Maurice Rubinger* and *Robert Jacobs* for plaintiff.

Bernstein, J. This is a motion by the defendants for judgment on the pleadings in an action for an injunction, damages and an accounting upon a complaint which alleges that the defendants, in publishing a book and producing a play entitled " Blithe Spirit ", written by the defendant, Noel Coward, have infringed upon the common-law copyright of the plaintiff in a playlet written by him, entitled " Spirits " or " Husbands and Wives ". The device of determining on a motion for judg-

ment on the pleadings whether there is sufficient similarity between two compositions has never been employed in a suit for infringement of common-law copyright in the courts of this State, but it is a familiar procedure in the United States courts. Under that procedure those courts have been able to decide, solely upon a reading of the respective works, whether there is such similarity in them as to warrant a finding of actionable plagiarism. (*Lowenfels* v. *Nathan*, 2 F. Supp. 73; *Shipman* v. *R. K. O. Radio Pictures*, 20 F. Supp. 249, affd. 100 F. 2d 533; *Wiren* v. *Shubert Theatre Corp.*, 5 F. Supp. 358, affd. 70 F. 2d 1023.) They have found the procedure to be an economical, convenient and prompt method of dealing with copyright causes, and to work out satisfactorily in practice. At any rate, the plaintiff has made no objection to the proposal to have this court follow the Federal court procedure, and is apparently willing to have the motion disposed of on the merits.

To establish a case of plagiarism it is necessary to show a copying of substantial portions of a plaintiff's work. The similarity must be one that would be apparent upon ordinary observation. Ideas, as such, enjoy no protection against appropriation. Literary property can exist only in a particular combination of ideas or in the form in which those ideas are embodied. (*Fendler* v. *Morosco,* 253 N. Y. 281; *Casino Productions* v. *Vitaphone Corp.*, 163 Misc. 403.) As it was expressed in an early case: " The true test as to whether there is piracy or not is to ascertain whether there is a servile or evasive imitation of the plaintiff's work, or whether there is a *bona fide* original compilation made up from common materials and common sources, with resemblances which are merely accidental, or result from the nature of the subject " (*Daly* v. *Palmer,* 36 How. Pr. 206, 221).

Numerous cases in the Federal courts have consistently held that similarities in fundamental plot, as reflected by incidents which normally result from a basic situation, do not give rise to a cause of action for infringement of copyright. They have held that, in dramatic compositions, what has been called the " fundamental plot ", the " same old plot " or an " old story " can assume any author's dressing or adornment without giving rise to infringement. (*Holmes* v. *Hurst*, 174 U. S. 82; *Dymow* v. *Bolton*, 11 F. 2d 690; *Nichols* v. *Universal Pictures Corp.*, 45 F. 2d 119; *Ornstein* v. *Paramount Productions*, 9 F. Supp. 896; *Bein* v. *Warner Bros. Pictures*, 105 F. 2d 969; *Cain* v. *Universal Pictures Co.*, 47 F. Supp. 1013.)

A reading of the plaintiff's playlet and the defendants' book and play shows no such similarity as the courts have held essential to a case of plagiarism. The only substantial resemblances between them are (a) that they both deal with spirits of deceased persons who participate in the dialogue, (b) that the name of one of the spirits in the defendants' works phonetically approximates the name of one of the living characters in the plaintiff's playlet, and (c) that each work presents a maid as the comedy figure. All the other items pointed to as showing similarity are either trivial or the result of a labored analysis.

On the other hand, the differences between the works are so wide and obvious that the ordinary observer would not confound one with the other. Those differences extend to plot, form and presentation, combination of ideas, motivation, sequence of action, background and setting, so that " it requires dissection rather than observation to discern any resemblance " between them. (*Dymow* v. *Bolton,* 11 F. 2d 690, 692, *supra.*)

Motion for judgment on the pleadings is granted. Order signed.