DONALD HEYWOOD, Plaintiff, *v.* JERICHO COMPANY et al., Defendants.

Supreme Court, Special Term, New York County, December 14, 1948.

*Hyman A. Hochman* for plaintiff.

*Martin Kleinbard* for Jericho Company and others, defendants.

*John A. Wilson* and *M. Van Voorhies* for City Playhouse, Inc., defendant.

EDER, J. Motions numbers 1168 and 1412 are considered together. Each motion is for an order dismissing the complaint as against the respective moving defendants, on the ground that said defendants have a sufficient defense to the cause of action, as a matter of law, founded upon facts established prima facie by documentary evidence.

The action is for alleged infringement of plaintiff's common-law copyright in a playlet entitled "Let's Not Face It", by defendants' play entitled "Deep Are the Roots".

Both plaintiff's and defendants' dramatic composition relate to anti-negro prejudice and miscegenation is a phase of both plaintiff's playlet and defendants' play and both run the range of this prejudice. Both have as their hero a returned negro war veteran who has served well in Europe, and both involve the love of the negro veteran for a white girl. There are other similar phases in both compositions, but there are many other phases in the defendants' composition which are absent in the plaintiff's playlet.

The defendants contend that an examination of the manuscripts, which are submitted in support of the motion, convincingly demonstrate and establish that "Deep Are the Roots" was neither copied nor substantially appropriated from plaintiff's "Let's Not Face It", and involves no plagiarism or piracy of plaintiff's playlet, and hence, there is no maintainable cause of action by plaintiff as a matter of law.

With respect to the defendant City Playhouse, Inc., it is urged, as an additional ground for dismissal, that it had no part in the production of " Deep Are the Roots ", and, consequently, is not, as a matter of law, liable for the infringement alleged, even if such infringement in fact occurred, in that said defendant was merely lessor of the theatre where the alleged infringing play was produced, and that all it did was to carry out its written lease to the defendant, the Jericho Company, and that the production of " Deep Are the Roots " was entirely the responsibility of the members of the Jericho Company.

As I comprehend the position of this defendant, it had no hand in or connection with the production of the alleged infringing play; that it derived no profit from the infringement; that it was merely a landlord; that nothing more than a mere landlord and tenant relationship existed between it and the Jericho Company, and that its sole interest was confined to the receipt of a specified rental, even if measured by a percentage of the gross receipts.

If this alone were the fact the contention would carry weight, in the light of the cases governing such a situation, but I should be disposed, in view of the various provisions of the lease, to reach a contrary conclusion; but I do not make a direct disposition of this feature, in view of the ultimate conclusion I have reached, upon the basic issue involved, namely, that " Deep Are the Roots " does not infringe plaintiff's playlet " Let's Not Face It ".

I am frank to say that in a matter of infringement I should be extremely reluctant to dispose of such an issue upon a mere practice motion and would ordinarily require that issue to await determination, after a formal trial. But, as GODDARD, J., expressed it in *Wiren* v. *Shubert Theatre Corp.* (5 F. Supp. 358, 362, affd. 70 F. 2d 1023) : " There seems to be no good reason why, where one book is claimed to be an infringement of a copyrighted book, and both books are attached to the bill of complaint and the pleadings permit it, a reading and comparison of the books themselves should not dispose of the claim of infringement when there are no questions of access, originality, or other facts requiring proof."

In this action the ultimate offense which must be established by the plaintiff is the unauthorized copying of the whole or a substantial part of the plaintiff's playlet (*Columbia Pictures Corp.* v. *Krasna,* 65 N. Y. S. 2d, 67, affd. 271 App. Div. 1008), and the question is, " Did the defendants copy from plaintiff's playlet?"

Copying may be shown by (a) direct evidence of copying, which would necessarily include direct evidence that defendants had seen or heard plaintiff's work, or direct evidence of access by defendants to plaintiff's composition, or (b) similarities appearing from the words themselves so strong as to compel an inference (*Columbia Pictures Corp.* v. *Krasna, supra*).

Mere similarities, however, assuming they exist, carry no right of action for infringement, " for plagiarism is strictly limited to the appropriation of the literary composition of another and passing off as one's own the product of mind and language of another " (*Tamas* v. *20th Century Fox Film Corp.*, 25 N. Y. S. 2d, 899, 900).

There is no direct evidence of copying here, and I do not understand that plaintiff makes such a claim, and while plaintiff gave a performance of his playlet, there is no evidence that any of the defendants attended it and, in fact, all of the individual defendants deny ever having seen or heard of plaintiff's playlet prior to the institution of this action.

This element being absent, i.e., no direct evidence of copying, I am to next consider whether the defendants copied a substantial part of plaintiff's playlet. Trivial similarities are of no legal import; the part taken, if it was taken, must be a substantial and material part of plaintiff's composition.

" The character of the test of plagiarism is simple. It is not to be determined by the fine analysis or by argument and dissection of an expert, but by ordinary observations " (*Wiren* v. *Shubert Theatre Corp.*, 5 F. Supp. 358, 362, affd. 70 F. 2d, 1023, certiorari denied, 293 U. S. 591, *supra*).

And, as said in *Hewitt* v. *Coward,* 180 Misc. 1065, 1066, affd. 266 App. Div. 992), " The similarity must be one that would be apparent upon ordinary observation ".

Applying the test of ordinary observation to a comparative reading of plaintiff's and defendants' compositions, the two dramatic works are so dissimilar that a conclusion cannot be reached that the defendants copied a substantial and material part, or any part of plaintiff's playlet. Whatever resemblance appears is only in a broad and general sense. As pointed out in *Columbia Pictures Corp.* v. *Krasna* (65 N. Y. S. 2d, 67, 69, *supra*): " Different writers may conceive similar themes or may develop a subject in the same way; they may use common methods and techniques. Assuming the appearance of similarities, the question to be determined still remains whether the literary product under challenge was achieved by independent effort or by copying from the labors of another. In other words,

similarities take on significance only when they are so palpable as to be indicative of evidence of actual copying.''

Comparative examination of plaintiff's playlet with defendants' work, unaided by dissection, discloses but one significant similarity, viz., both of these dramatic compositions discuss white hostility to intermarriage with members of the colored race.

This will not support an action for plagiarism. As so aptly stated by Judge Learned Hand in *Nichols* v. *Universal Pictures Corp.* (45 F. 2d, 119, 122, certiorari denied, 282 U. S. 902), involving the play, '' Abie's Irish Rose '': '' A comedy based upon conflicts between Irish and Jews, into which the marriage of their children enters, is no more susceptible of copyright than the outline of Romeo and Juliet.''

For the reasons stated, the motion to dismiss is granted. Settle order on each motion.