An order consistent with the views herein expressed may be presented for signature.

**BLISSCRAFT et al.**

v.

**RONA PLASTIC CORP.**

United States District Court,
S. D. New York.

June 22, 1954.

Levisohn, Niner & Cohen, New York City, for plaintiffs.

H. C. Bierman, New York City, for defendants.

NOONAN, District Judge.

The above-entitled action was brought for alleged infringement of a design patent issued to Mr. C. O. Bliss and assigned to the other plaintiffs, covering a design for a butter dish. The defenses are non-infringement, and invalidity of the plaintiffs' patent. The grounds asserted for the invalidity of the patent are (1) lack of ornamental novelty, (2) lack of inventive idea, and (3) prior art.

The first Design Act, Act of Aug. 29, 1842, Chapter 263, 5 Stat. 543, provided for the granting of a patent to the originator of a "new and original" design, impression, ornament, pattern, print, picture, shape or configuration; the wording of subsequent statutes relating to design patents varied only slightly throughout the years, until 1902, 32 Stat. 193,[1] from which time the statutes provided protection for "new, original, and *ornamental*" designs.

That the design of the butter dish produced by the plaintiffs is "ornamental", as required, cannot seriously be disputed. That it has "ornamental *novelty*", was original, or involved the exercise of inventive faculties is not so clear.

1. Now 35 U.S.C.A. § 171.

As early as 1883, the following phrases were incorporated into its opinion by an interpreting court:

"It is now tolerably well settled that design patents stand on as high a plane as utility patents, and require as high a degree of exercise of the inventive or originative faculty.

"To entitle a party to the benefit of the act, in either case, there must be originality and the exercise of the inventive faculty. * * * There must be something akin to genius,— an effort of the brain as well as the hand."

Western Electric Mfg. Co. v. Odell, D.C., 18 F. 321, 322.

In 1921, the Circuit Court of Appeals, Second Circuit, adopted the above wording to the following effect in the case of Knapp v. Will & Baumer Co., 273 F. 380, 382:

" * * * design patents stand on as high a plane as utility patents and require as high a degree of exercise of the inventive or original faculty."

The court also held that making a candle square, instead of round, did not rise to the level of invention.

In 1930, Judge A. N. Hand, in holding a design patent invalid, in the case of A. C. Gilbert Co. v. Shemitz, 2 Cir., 45 F.2d 98, 99, stated:

" * * * But, whatever may be thought of the appeal to aesthetic taste, we are satisfied that there was no inventive skill in the slight modification of prior models involved in working out the design of the patent in suit."

■ A design patent is invalid unless it involves a step beyond the prior art and includes inventive genius. Alfred Bell & Co. v. Catalda Fine Arts, 2 Cir., 191 F.2d 99, 104.

The Second Circuit Court of Appeals in 1931, Berlinger v. Busch Jewelry Co., Inc., 48 F.2d 812, 813, stated:

"A design is not patentable merely because it can be distinguished in appearance from prior designs. Its creation must involve the exercise of inventive faculty."

See also General Electric Co. v. Parr Electric Co., 2 Cir., 98 F.2d 60; Neufeld-Furst & Co. v. Jay-Day Frocks, 2 Cir., 112 F.2d 715; Gold Seal Importers v. Morris White Fashions, 2 Cir., 124 F.2d 141; Olympic Knitwear v. Fleetwood Sportwear, D.C., 39 F.Supp. 55.

One of the leading cases of this circuit which holds that a design patent must be the product of invention is Nat Lewis Purses v. Carole Bags, 83 F.2d 475, decided in 1936. In that case, the court referring back to earlier decisions, Steffens v. Steiner, 2 Cir., 232 F. 862; Strause Gas Iron Co. v. William M. Crane Co., 2 Cir., 235 F. 126; Whiting Mfg. Co. v. Alvin Silver Co., 2 Cir., 283 F. 75; American Fabrics Co. v. Richmond Lace Works, 2 Cir., 24 F.2d 365; and Berlinger v. Busch Jewelry Co., supra, said about "invention" 83 F.2d at page 476:

" * * * by which we meant the same exceptional talent that is required for a mechanical patent."

■ Invention is not supplied by minor differences. The design must be new as well. Novelty must be determined by the state of the prior art as well as other factors. N. Y. Belting & Packing Co. v. N. J. Car-Spring & Rubber Co., 137 U.S. 445, 11 S.Ct. 193, 34 L.Ed. 741.

Kanne & Bessant v. Eaglelet Metal Spinning Co., D.C., 54 F.2d 131, at pages 133 and 134, decided in 1931, in discussing recognition of novelty by the ordinary, intelligent observer said:

"In addition, the aesthetic taste of such an observer must recognize novelty; that is, that he has never seen the design before. A mere difference from anything he is familiar with is not sufficient. The impression created should be new and distinct from any previous mental

photograph that the observer recalls. The mind must say to itself, 'I have never seen that design before.' "

It seems obvious that the defendant in this action unabashedly and slavishly copied the plaintiffs' patented butter dish in its product marked plaintiffs' Exhibit 1 and as slightly altered by defendant in its product marked plaintiffs' Exhibit 2, but there can be no recovery in this action for this copying unless the design patent procured by the plaintiffs is valid.

This court is in basic agreement with the issue framed by the plaintiffs, namely, whether, in the light of the art, the design in issue rises sufficiently above the art in its uniqueness of composition and its aesthetic appeal, to constitute invention.

No matter to what wording we turn we are left with a vague and indefinite standard to apply. Accordingly, this court must depend upon its own impression of the design under scrutiny as compared with the prior art.

■ We do not hesitate to say that the design is more attractive than its predecessors. But we are compelled to rule that it lacks the requisite spark of genius to be considered a true "invention". While it is a step ahead of its forbears, it is not a sufficiently big step for the purposes of upholding a design patent. The various patents mentioned seemed to approach, or at least point toward, the Blisscraft design sufficiently closely to indicate that the trend of the prior art led to the pattern developed by Mr. Bliss.

The situation before this court resembles that recently confronting Judge Leibell in Tourneau v. Tishman & Lipp, D.C., 119 F.Supp. 593, 597 and affirmed on his opinion by the Court of Appeals of this Circuit on February 15th of this year, 211 F.2d 240. The plaintiffs have made a butter dish combining, and modifying, certain features already included in other patented products, thereby producing a dish having "a different and pleasing effect, which is ornamental." But, as in the case of General Time Instruments Corp. v. United States Time Corp., 2 Cir., 165 F.2d 853, 854, certiorari denied 334 U.S. 846, 68 S.Ct. 1515, 92 L.Ed. 1770, the effect is not that produced by originality born of "inventive genius", but rather shows the "talent of the adapter, rather than the art of the inventor." See also Columbus Plastic Products v. Rona Plastic Corp., D.C., 111 F.Supp. 623; and Grinoch v. Tuxton Cravats, D.C., 101 F.Supp. 391.

There has been no indication by way of pleadings or testimony that plaintiffs seek to prove a case of unfair competition. On the record before the court, such a case certainly has not been proven, even if that was the intent of some of the statements.

It is the opinion of this court that the plaintiffs' design patent is not valid because of lack of invention. Since the patent is invalid, there can be no infringement. Accordingly, the complaint should be and hereby is dismissed.

Submit Findings of Fact and Conclusions of Law in accordance herewith within ten days.