Stuart N. LAKE, Plaintiff,

v.

COLUMBIA BROADCASTING SYSTEM, Inc., a corporation, et al., Defendants.

No. 1725.

United States District Court
S. D. California, S. D.

Jan. 5, 1956.

Jack L. Oatman, Wm. H. Macomber, San Diego, Cal., for plaintiff.

Lillick, Geary & McHose, Wm. A. C. Roethke, Lloyd E. Blanpied, Jr., Los Angeles, Cal., for defendants.

MATHES, District Judge.

This cause having come before the Court for hearing on defendants' motion filed May 2, 1955, to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.Proc. Rule 12(b), 28 U.S.C.; and the motion having been argued and submitted for decision; and it appearing to the Court:

(a) that plaintiff invokes the jurisdiction of this Court under 17 U.S.C. § 101, alleging that a radio program produced by defendants has infringed plaintiff's copyrighted book "Wyatt Earp, Frontier Marshal";

(b) that copies of plaintiff's book and of the script of defendants' allegedly infringing radio program are attached as exhibits and incorporated by reference into the complaint;

(c) that upon this motion to dismiss the Court may assume validity of the copyright and, comparing the literary products incorporated into the complaint, determine as a matter of law whether or not the copyright has been infringed (see: Christianson v. West Publishing Co., 9 Cir., 1945, 149 F.2d 202, 203; Caruthers v. R.K.O. Radio Pictures, Inc., D.C.S.D.N.Y.1937, 20 F.Supp. 906; cf. Dezendorf v. Twentieth Century, 9 Cir., 1938, 99 F.2d 850);

(d) that plaintiff's book is declared in the preface to be an accurate historical biography based on a factual account of Wyatt Earp's career and "in no part a mythic tale" (Lake, "Wyatt Earp, Frontier Marshal," p. viii, 1931; see also: id., p. ix);

(e) That historical facts and events in themselves are in the public domain and are not entitled to

copyright protection (see: International News Service v. Associated Press, 1918, 248 U.S. 215, 234, 39 S. Ct. 68, 63 L.Ed. 211; Collins v. Metro-Goldwyn Pictures Corp., 2 Cir., 1939, 106 F.2d 83, 86; Funkhouser v. Loew's, Inc., D.C.W.D.Mo. 1952, 108 F.Supp. 476, 496, affirmed on other grounds, 8 Cir., 1953, 208 F.2d 185, certiorari denied, 1954, 348 U.S. 843, 75 S.Ct. 64, 99 L.Ed. 664; Seltzer v. Sunbrock, D.C.S.D.Cal. 1938, 22 F.Supp. 621, 627; Caruthers v. R.K.O. Radio Pictures, supra, 20 F.Supp. at page 907);

 (f) that when an author adds new and original material to matter already in the public domain, a copyright on the entire work is valid, but the author is entitled to protection only as to such added material (see: Dorsey v. Old Surety Life Ins. Co., 10 Cir., 1938, 98 F.2d 872, 873, 119 A.L.R. 1250; American Code Co. v. Bensinger, 2 Cir., 1922, 282 F. 829, 834; Shipman v. R.K.O. Radio Pictures, D.C.S.D.N.Y.1937, 20 F.Supp. 249, 250, affirmed on other grounds, 2 Cir., 1938, 100 F.2d 533);

(g) that defendants' radio program has used neither the word order nor the expression or literary style of the copyrighted book (cf. De Acosta v. Brown, 2 Cir., 1944, 146 F.2d 408, 410, certiorari denied Hearst Magazines v. De Acosta, 1945, 325 U.S. 862, 65 S.Ct. 1197, 89 L.Ed. 1983);

(h) that the only similarity between the radio program and the copyrighted book is in the sequence of the claimed historical events and in a few instances the content of the dialogue, although the wording of the conversations which purportedly took place among the characters included in the common incident depicted is not the same; and

(i) that accordingly plaintiff does not assert a claim which is actionable under the copyright stat-

ute; nor is there here asserted any actionable claim for unfair competition under state law (see: 28 U.S.C. § 1338(b); Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148);

It Is Ordered that defendants' motion to dismiss is hereby granted, for "failure to state a claim upon which relief can be granted". Fed.R.Civ.Proc. Rule 12(b).

It Is Further Ordered that all parties shall bear their own attorney fees and costs, and that the judgment of dismissal shall so provide.

It Is Further Ordered that defendants lodge with the Clerk within five days a judgment of dismissal, to be settled under Local Rule 7.

It Is Further Ordered that the Clerk this day serve copies of this order by United States mail on the attorneys for the parties appearing in this cause.