NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEAN HALL, doing business as Gimme Some Hot Sauce Music, an individual; NATHAN BUTLER, doing business as Faith Force Music, an individual, | No. 18-55426 |
| | D.C. No. 2:17-cv-06882-MWF-AS |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| TAYLOR SWIFT, an individual; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted October 15, 2019
San Diego, California

Before: HURWITZ, OWENS, and LEE, Circuit Judges.

Sean Hall and Nathan Butler (together, Hall) appeal from the district court's

dismissal under Federal Rule of Civil Procedure 12(b)(6) of their complaint against

Taylor Swift, Martin Sandberg, and Karl Schuster (together, Swift) alleging

copyright infringement. The complaint alleged that Swift's hit song *Shake It Off*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(2014) illegally copied a six-word phrase and a four-part lyrical sequence from Hall's *Playas Gon' Play* (2001). We have jurisdiction under 28 U.S.C. § 1291, and we review de novo the district court's dismissal under Rule 12(b)(6). *See Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011). As the parties are familiar with the facts, we do not recount them here. We reverse and remand.

The district court dismissed the complaint based on a lack of originality in the pertinent portions of Hall's work. *See Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003) ("Any copyrighted expression must be 'original.' Although the amount of creative input . . . required to meet the originality standard is low, it is not negligible." (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345, 362 (1991))); *see also* 1 Nimmer on Copyright § 2.05[B] (2017) (noting that originality is established when "the work originates in the author" and "has a spark that goes beyond the banal or trivial"). Even taking into account the matters of which the district court took judicial notice, *see United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003), Hall's complaint still plausibly alleged originality. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Originality, as we have long recognized, is normally a question of fact. *See Dezendorf v. Twentieth Century-Fox Film Corp.*, 99 F.2d 850, 851 (9th Cir. 1938) (stating that the "question of originality . . . is one of fact, not of law" (internal quotation marks omitted)). Indeed, as Justice Holmes long ago cautioned:

It would be a dangerous undertaking for persons trained only to the law to constitute themselves final judges of the worth of pictorial illustrations, outside of the narrowest and most obvious limits. At the one extreme, some works of genius would be sure to miss appreciation. Their very novelty would make them repulsive until the public had learned the new language in which their author spoke. . . . At the other end, copyright would be denied to pictures which appealed to a public less educated than the judge. . . . [A]nd the taste of any public is not to be treated with contempt.

*Bleistein v. Donaldson Lithographing Co*., 188 U.S. 239, 251-52 (1903).

Justice Holmes' century-old warning remains valid. By concluding that, "for such short phrases to be protected under the Copyright Act, they must be more creative than the lyrics at issues here," the district court constituted itself as the final judge of the worth of an expressive work. Because the absence of originality is not established either on the face of the complaint or through the judicially noticed matters, we reverse the district court's dismissal under Rule 12(b)(6).[1]

**REVERSED and REMANDED.**

---

[1] Swift argues that this Court should affirm the district court's decision on other grounds. However, we decline to do so. The district court may consider Swift's alternative arguments on remand.