**In re ABRAHAMSEN.**
**Patent Appeal No. 2745.**

Court of Customs and Patent Appeals.
Nov. 27, 1931.

C. A. Weed, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel) for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant appeals from the decision of the Board of Appeals of the United States Patent Office in finally rejecting claims 21, 22, 23, 33, 34, 38, 39, 40, 41, and 42 of his application for patent on improvements in reversible floor scrapers, which application was filed March 6, 1929.

The said claims naturally divide themselves into four groups, the following claims being typical:

"21. A floor scraper having a horizontally-located blade-supporting block terminating in an obliquely-located downwardly-extending portion having a curved lower end forming a pistol-grip handle and a cutter-carrying blade mounted flatwise on top of the block."

"33. A floor scraper comprising a handle having a blade-supporting member located at an angle thereto and an endwise-reversible cutter-carrying blade secured flatwise thereto and having greater width at one end than at its opposite end."

"41. A floor scraper comprising a handle, a blade-supporting member projecting from the end thereof, and an endwise-reversible blade secured flatwise to the supporting member and having means at each end for the reception of a detachable cutter, said blade having greater curvature and greater width at one end than at the other whereby the cutters may have different lengths and different curvatures and are therefore effective for different work.

"42. A floor scraper comprising a handle having at the end thereof a horizontally-located blade-supporting member, an endwise-reversible cutter-carrying blade secured flatwise to the top of the supporting member, and means for clamping the blade in either of its reversed positions and comprising an auxiliary handle."

The references cited by the Patent Office are as follows: Gibbs, 33,138, August 27, 1861, 145–47; Olson, 695,117, March 11, 1902, 145–47.; Galipeau, 713,979, November 18, 1902, 145–47 x; Wagner, 762,-963, June 21, 1904, 145–47; McLean, 963,-630, July 5, 1910, 145–47; Starrett, 966,-962, August 9, 1910, 145–47; Zuzuly, 1,014,-798, January 16, 1912, 145–47; Donnelly, 1,217,922, March 6, 1917, 145–47; Abrahamsen, 1,670,646, May 22, 1928, 145–47; Sichel (British), 17,544, August 15, 1898, 145–47 (1 sh.).

Appellant's device consists of a floor scraper, having a pistol-grip handle extending obliquely from a blade-supporting surface, on which surface is mounted a double ended metallic member, bearing detachable scraper-blades on each end, the ends of the metallic member and blades attached thereto being of different widths and curvatures, and this metallic member being reversible by means of the use of a lock nut in the form of an auxiliary handle or knob. A guard is also provided to cover that end of the scraper not in use. Claims have been allowed the applicant fully covering this feature, and therefore that element is not involved in this case.

We are satisfied that appellant's application was fully anticipated by the references cited. The pistol-grip is shown by Galipeau and Zuzuly. The reversible feature of the blade appears in Wagner, McLean, and Donnelly. There is nothing inventive in making the two scraping blades of different lengths and different curvatures.

That is old in Gibbs, whose patent was issued August 27, 1861.

Nor can there be said to be invention in using a blade having a detachable scraper at each end. The scrapers are each identical with the scraper which was the subject of the reference patent to Abrahamsen. It is true that in the patent cited, there was but one detachable blade. However, the use of two such blades would readily suggest itself to the mechanic. It is a mere duplication of parts, and this has been uniformly held to be not patentable. Dunbar v. Meyers, 94 U. S. 187, 195, 24 L. Ed. 34; Slawson v. Grand Street R. R. Co., 107 U. S. 649, 653, 2 S. Ct. 663, 27 L. Ed. 576; Topliff v. Topliff, 145 U. S. 156, 163, 12 S. Ct. 825, 36 L. Ed. 658; In re Scott, 25 App. D. C. 307; In re Volkmann, 28 App. D. C. 441; Condit Elec. M. Co. v. Westinghouse E. & M. Co. (C. C. A.) 200 F. 144.

The appellant has simply shown an aggregation of features well known to the art, with no new and useful result, in a patentable sense.

The decision of the Board of Appeals is affirmed.

Affirmed.