In re HOFFMANN.
Patent Appeal No. 3231.

Court of Customs and Patent Appeals.
March 5, 1934.

Emery, Booth, Varney & Townsend, of Boston, Mass. (Irving U. Townsend, of Boston, Mass., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner, rejecting appellant's claim for the ornamental design for a stocking as shown and described in his application.

The references relied upon are: Blood, 996,964, July 4, 1911; Dakin, 1,651,677, December 6, 1927.

The Board of Appeals in its decision also discussed appellant's mechanical patent, No. 1,828,533, granted October 20, 1931, and in effect held that the invention there involved is the same invention as is here claimed by appellant.

As appears from the drawing and specifi-

cation of appellant's application here involved, the stocking is made of threads or yarn, and the specification states as follows: "My stocking at or near the upper portion thereof has a relatively narrow band of a plurality of courses extending around the stocking and of a color contrasting with the body thereof, immediately succeeded by a surrounding band of the same color as the body of the stocking, and containing at relatively close intervals open, or transferred loops, or picot-like loop formations, the same being immediately succeeded by another band of a plurality of courses extending around the stocking of a color contrasting with the body thereof."

A stocking embodying the design was filed with appellant's application, and made a part of the record of the case. We have had the opportunity of examining said stocking to aid us in our conclusions; it being very difficult correctly to represent said design in drawings.

The patent to Blood discloses a stocking having a stripe some distance below the top of the stocking, formed by a cluster of stitches, but the specification makes no mention of a contrasting color.

The patent to Dakin discloses a stocking, the method of knitting which is described in claim 2 of the patent as follows: "2. A method of knitting a stocking having a foot and leg portion and a welt, the welt being formed by knitting a portion thereof of a different color from the remaining portion of the welt, so changing the stitches or loops at the lower end of the welt as to form a series of openings of substantial size, folding the colored knitted portion downwardly upon itself to engage the needles at a point to permit the colored knitted portion to register with said openings, and knitting said portion into the leg portion."

The design shown by the method of knitting described is shown in the drawings of the patent, and it will be noted from the above-quoted claim that contrasting colors are used.

While the Dakin reference is a mechanical patent, it recites: "A further object of my invention is to produce a hose which has additional features embodying beauty which may be formed upon the ordinary knitting machines and which when completed is more durable, strong and artistic than the usual hosiery."

It is well established that a mechanical patent may anticipate a design patent or application, and vice versa. In re Albert Hargraves, 53 F.(2d) 900, 19 C. C. P. A. 784, and cases cited.

It is also well established that an important element of invention in designs is the appearance of the design as an entirety when judged by the perceptions of the average person. Gorham Mfg. Co. v. White, 14 Wall. 511, 20 L. Ed. 731.

While in its general appearance appellant's design differs somewhat from that disclosed by the Dakin reference, we are of the opinion that to the average person the differences are not substantial, that appellant's design does not produce a substantially different aesthetic effect, and that it was within the skill of the artisan or the designer so to modify the design shown in the Dakin reference as to obtain appellant's design. This being true, appellant has made no invention entitling him to a design patent. In re Hoffmann, 58 F.(2d) 422, 19 C. C. P. A. 1185.

That there may have been invention in the mechanical process of producing the design affords no reason why the claim here involved should be allowed.

In the case of In re La Montagne, 55 F. (2d) 486, 488, 19 C. C. P. A. 880, which involved a design for a stocking, we said: "But, even if such stitching were new, appellant's designs must be judged, not from how they are made, but from the appearance of the design itself. Certainly the mechanical structure of an article may not be confused with its design, so that the applicant may, by a design patent, secure a monopoly upon some mechanical process. * * *"

In view of the foregoing, we find it unnecessary to discuss appellant's mechanical patent, with respect to which the Board was of the opinion that it covered the same invention as is here claimed.

The decision of the Board of Appeals is affirmed.

Affirmed.