MASTER METAL STRIP SERVICE, Inc. et al. v. PROTEX WEATHERSTRIP MFG. CO.

No. 9477.

Circuit Court of Appeals
Seventh Circuit.

July 1, 1948.

Rehearing Denied Sept. 24, 1948.

Clarence E. Threedy, of Chicago, Ill. (Nunzio Giambalvo, of Chicago, Ill., of counsel), for appellants.

Charles B. Cannon, Ferd Bing, D. V. O'Keeffe and Wallace & Cannon, all of Chicago Ill., for defendant-appellee.

Before SPARKS and MINTON, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Chief Judge.

Plaintiffs charged defendant, a copartnership, with infringement of United States patents Nos. 2,158,963 and 2,257,051 issued on the respective dates of May 16, 1939 and September 23, 1941, on applications filed respectively on January 6, 1938, and December 8, 1939. The answer denied infringement and validity of both patents, and a counterclaim asked for a declaratory judgment to that effect, and for a further judgment against plaintiffs for their alleged attempt to monopolize an unpatented element of their combination in violation of the Anti-Trust laws of the United States. This counterclaim further alleged that, although plaintiffs had not here charged defendant with infringement of Gossen prior patent No. 2,101,577, yet they had formerly done so, and for that reason there still existed an actual controversy between plaintiffs and the counterclaimant as to whether the latter had infringed or was then infringing this patent No. 2,101,577, and for that reason, and in order to avoid the expense and burden of a multiplicity of suits and to adjudicate in this action the entire controversy existing between these parties, the counterclaimant charged that patent No. 2,101,577 and each of its claims were void because Gossen was not the original inventor, nor did he first discover any material part of its disclosure.

The court held that an actual controversy existed between the plaintiffs and the defendant, under the Declaratory Judgment Act, section 274d of the Judicial Code, 28 U.S.C.A. § 400, as to each of the Gossen patents, Nos. 2,158,963, 2,257,051 and 2,101,577.

Before submission of this cause plaintiffs served notice upon defendant that as a basis for their charge of infringement against defendant they would rely solely on claims 1 and 2 of patent No. 2,158,963, and not upon any claims of the other two patents mentioned in this complaint and counterclaim.

The claims here in issue are numbers 1 and 2 of patent No. 2,158,963. Claim 1 is set forth.[1] Claim 2 is substantially

[1] "1. In combination, a window frame, a sash slidably mounted within said frame, tubes secured within the frame at the sides of the sash and each tube having a bottom wall and laterally spaced side walls, the side walls of the tubes being free of the frame and extending into grooves in the adjacent side portions of the sash, said side walls having a spring tension connection with their bottom walls so that the side walls may press laterally against the sash within the grooves to frictionally hold the sash in any position of adjustment within the frame, flange formations along the side walls within the grooves, said flanges extending inwardly from the side walls and terminating short of each other be-

similar thereto. It differs only in that claim 2 is somewhat more specific as to the particular construction of the metal weather strip-sash balance unit and its so-called tube portion. Appellant describes the difference as that claim 2 includes means carried by tubes at the sides whereby the tubes may be secured to the frame laterally and exteriorly of their side walls.

The court found the facts substantially as follows: Master Metal Strip Service, Inc., is the successor in business and in interest to the exclusive licensee named in an exclusive license agreement of July 18, 1939, between plaintiff, Gossen, and Maurice S. Oftedal, who was then doing business as Master Metal Strip Service Co. Under that license agreement Gossen, the patentee, granted to Oftedal, doing business as Master Metal Strip Service Co., the predecessor of the corporate plaintiff, the exclusive right to manufacture and sell, throughout the Dominion of Canada and the United States, exclusive of the State of Wisconsin, under Gossen patent No. 2,158,963, not the patented combination defined in claims 1 and 2 of that patent, but the weather strip and sash balance device embodied in the invention shown, described and claimed in the patent, which device constitutes but a single element of the combination here in issue.

As consideration for such license to manufacture and sell the metal weather strip and sash balance device, the licensee agreed to pay the patentee one cent per foot for the first million feet of weather strip material sold each year by the licensee, no royalty on the second million feet sold each year, and on all weather strip material sold in each year in excess of two million feet, licensee was to pay one-half cent per foot.

From the date of the license to the filing of the complaint, the license was in full force and effect between the plaintiffs. From the issuance of the patent to the time of trial the defendant did not manufacture or sell any window frame or window sash

of the character disclosed in the Gossen patent in issue or its claims 1 and 2.

Neither Master Metal Strip Service, Inc., nor defendant manufactures or sells window frames or window sash, as disclosed by the Gossen patent in issue, and as defined in claims 1 and 2 thereof. The combination defined in claims 1 and 2 of Gossen does not differ in any material respect from that disclosed by the Bricker patent No. 848,961.

The court sets forth in detail the similarities and the differences in substantially the following language: Both Bricker and Gossen have in combination the frame, sash and thin metal strip. Both have tubes secured within the frame, each tube having a bottom wall and laterally spaced side walls, the side walls being free of the frame and extending into grooves in the adjacent portions of the sash. Both have flange formations along the side walls within the grooves, said flanges extending inwardly from the side walls and terminating short of each other between the side walls. The only differences between Bricker and Gossen are (1) Bricker contemplated fastening his metal strip to the frame while Gossen in the written instructions he gives for using his metal strip advises fitting the weather strip together with the coil springs to the sash and then placing the sash in the frame, and (2) Gossen states that the side walls have a spring tension connection with their bottom walls so that the side walls may press laterally against the sash within the grooves to frictionally hold the sash in any position of adjustment within the frame. How this tension is to be brought about is not stated in the claim, but the construction of the tubes is practically the same in both patents and both are made of thin metal, the kind of metal not being stated. Gossen says, "The extent of the divergence of the side walls of the tubes may be regulated by pressing inwardly with a blunt tool at the juncture of the side walls and the flanges. This enables the side walls to be given the

---

tween the side walls to provide slots along the tubes within the grooves, and coiled lifting springs located within the tubes and fixed at one end as to the tubes and connected at their other ends

to the sash through the slots in the tubes, said flanges extending over the springs and retaining the same within the tubes in all positions of adjustment of the sash within the frame."

desired tension to hold the sash in place and serve the weather strip function."

The District Court found that the same result could be produced by the pressure of a blunt tool along the juncture of the side walls of Bricker, and that such would be the effect is a fact known to competent mechanics; that the advantages claimed by Gossen for his alleged invention are that the arrangement enables his improved sash balance and weather strip device to be readily and easily applied to buildings already built and that the tubes and the lifting elements may be assembled with the sash before placement in the window frame.

The court further found that Bricker shows the metal weather strip attached to the window frame, but that there is no reason why Bricker's metal parts might not as well be assembled with the sash and the sash then placed in the frame in the same manner that Gossen assembles and places his. The court called attention to the fact that in claims 1 and 2 Gossen discloses a coil spring, but as an ultimate fact the court found that there is nothing new in the use of the spring nor the method of attaching it to the tube at the top or the frame at the bottom.

As matters of law the District Court concluded that claims 1 and 2 of patent No. 2,158,963 do not disclose invention because each consists solely of old elements which operate in the same manner as the prior art and disclose no novelty.

The court further concluded that by plaintiffs' license agreement and their operations thereunder, and in bringing this action, they have attempted to and have conspired to maintain an illegal monopoly in restraint of trade in an unpatented article of commerce, namely a metal weather strip-sash balance device, as used in the patent, and in so doing plaintiffs have violated the Anti-Trust laws of the United States, 15 U.S.C.A. § 1 et seq.; that by reason of such violations defendant is entitled to the relief provided by such Act as follows:

(1) An injunction enjoining plaintiffs and each of them, and all others acting by or under direction or authority, their successors and assigns, from: (a) Bringing suit for infringement of the Gossen patent No. 2,158,963 against defendant's customers or prospective customers, or directly or indirectly threatening defendant's customers or prospective customers with infringement suits of this patent, or from in any manner interfering with defendant's business by use of this Gossen patent; (b) enforcing or carrying out directly or indirectly against defendant, its customers or prospective customers, any of the provisions of such license or any other similar license agreement involving this Gossen patent.

(2) An accounting for three-fold damages, if any, suffered by defendant by reason of the above named unlawful acts of the plaintiffs, together with defendant's disbursements and reasonable attorney's fees, and costs.

The court further concluded that by reason of plaintiffs' violation of the Anti-Trust laws, above referred to, they should be barred from maintaining this action against the defendant, and that the defendant is entitled to dismissal with prejudice as to claims 3 to 8, inclusive, of Gossen patent No. 2,158,963, and as to claims 1 to 11, inclusive, of Gossen patent No. 2,257,-051, and also as to claims 1 to 8, inclusive, of Gossen patent No. 2,101,577.

The District Court concluded as an ultimate fact that Gossen's disclosures as defined in claims 1 and 2 of patent No. 2,158,963, amounted to nothing more than mere mechanical skill, and concluded that such disclosures did not amount to novelty as contemplated by the statute, hence it held the patent was invalid. Judgment was rendered for the defendant consistent with the conclusions of law and from that judgment this appeal is prosecuted.

The trial court has found the material facts in a very clear and concise manner. We think they are fully supported by the evidence, and as to the question of patentability, we are convinced that in view of the disclosures of Bricker's patent No. 848,961, the claims 1 and 2 of Gossen's patent No. 2,158,963 disclose nothing in excess of the skill of the art. We

704

think there is no error in holding these claims invalid.

■ We are of the opinion that the evidence fully supports the District Court's conclusions and judgment as to appellants' violation of the Anti-Trust laws of the United States. We base our conclusion in this respect upon the case of Mercoid Corporation v. Mid-Continent Investment Co., 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376. Appellants seek to distinguish that case from the one at bar. We are unable to grasp such distinction.

■ It will be noted that the District Court made no direct finding as to infringement as charged in the complaint, and plaintiffs have assigned this fact as error. With this contention we do not agree. We find no case in this circuit which supports appellants' assignment in this respect, nor have they cited any case where upon similar facts the court has supported this contention. See Cover v. Schwartz, 2 Cir., 133 F.2d 541; Trico Products Corporation v. Anderson Company, 7 Cir., 147 F.2d 721; Grant Paper Box Co. v. Russell Box Co., 1 Cir., 151 F. 2d 886.

Judgment affirmed.